**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KEENAN ANDERSON,

         Plaintiff,

   v.

CAMDEN COUNTY,

         Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06867 (JBS-AMD)

**OPINION**

APPEARANCES:

Keenan Anderson, Plaintiff Pro Se
777 Mt. Vernon Street
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

1.   By Complaint dated October 11, 2016, Plaintiff Keenan Anderson sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 against Camden County for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to sua sponte screening for dismissal under 28 U.S.C. §

1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    In accordance with these directives of the PLRA, this

Court undertook the requisite screening and, by Order dated

January 16, 2017, dismissed Plaintiff's Complaint without

prejudice for failure to state a claim (28 U.S.C. §

1915(e)(2)(b)(ii)). Docket Entry 4 ("Dismissal Order").

4.    As explained in this Court's January 16, 2017 Opinion

accompanying the Dismissal Order, Plaintiff's Complaint did not

allege sufficient facts to support a reasonable inference that a

constitutional violation had occurred in order to survive this

Court's review under § 1915. Docket Entry 3 ("Dismissal

Opinion").

5.    Even accepting the statements in § III of Plaintiff's

Complaint as true for screening purposes only, there was not

enough factual support for the Court to infer that a

constitutional violation had occurred in connection with

Plaintiff's incarceration.

6.    This Court's January 16 dismissal of Plaintiff's

Complaint was without prejudice, thereby granting Plaintiff

leave to amend the Complaint to plead sufficient facts to

support a reasonable inference that a constitutional violation

occurred during his confinement, such as: adverse conditions

that were caused by specific state actors; adverse conditions

that caused Plaintiff to endure genuine privations and hardship over an extended period of time; or adverse conditions that were excessive in relation to their purposes. To that end, the Court granted Plaintiff leave to amend the Complaint within 30 days of the date of the Dismissal Order.[1]

7.    On January 25, 2017, Plaintiff submitted five pages of exhibits to this Court. Docket Entry 5 ("Plaintiff's Exhibits").

8.    These submissions purport to reflect medical records in connection with his incarceration at issue in this case.

9.    Specifically, Plaintiff's Exhibits include: (a) an August 28, 2014 Sick Call Slip in which Plaintiff complains "my back is bothering me, my lower back been killing me lately from sleeping on floor"; (b) an undated Medical Service Charge receipt from Camden County Correctional Facility, for a "sick call"; (c) a May 24, 2014 Camden County Correctional Facility Intake and Diagnostic Unit Sick Call Slip on which Plaintiff reported "my back is bothering me"; and (d) an October 12, 2014 Sick Call Slip on which Plaintiff reported "I have a very nasty cold that['s] getting bader [*sic*]." Docket Entry 5.

10.    Construing Plaintiff's Exhibits as an attempt to amend the original Complaint, they are insufficient to constitute an amended complaint.

---

[1] The amended complaint shall be subject to screening prior to service.

11.   First, Plaintiff's Exhibits do not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

12.   Second, since Plaintiff's Exhibits do not clearly adopt the allegations in the original Complaint, the original Complaint does not cure the pleading defects in Plaintiff's Exhibits. As explained in this Court's January 16 Dismissal Opinion, when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in an amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* Thus, the safer course would have been for Plaintiff to file an amended complaint that was complete in itself. *Id.* An amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court. In short, even

considering Plaintiff's Exhibits together with the original

Complaint, he has still failed to plead specific facts regarding

the conditions of his confinement.

13. Therefore, even liberally construing the Complaint and

Plaintiff's Exhibits as this Court is required to do, *Mala v.*

*Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013),

Plaintiff has still failed to plead sufficient facts to support

a reasonable inference that a constitutional violation occurred

during his incarceration in order to survive this Court's review

under § 1915.

14. In light of Plaintiff's *pro se* status, the Court will

grant Plaintiff one final opportunity to submit a complaint that

meets the pleading standards. If Plaintiff is unable to allege

facts sufficient to survive § 1915 review in his second amended

complaint, the Court may conclude that permitting further

amendment would be futile and dismiss the complaint with

prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d

Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x

513, 516 (3d Cir. 2008) (affirming dismissal with prejudice

after District Court gave *pro se* plaintiff several opportunities

to comply with Rule 8). For these reasons as well as those

stated above, the original Complaint remains dismissed without

prejudice for failure to state a claim, and Plaintiff is granted

one final leave to file an amended complaint within 30 days of the date of this Opinion and Order.

15.   Any amended complaint is subject to screening prior to service, and it must plead specific facts regarding the conditions of confinement sufficient to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

16.   An appropriate order follows.


**March 2, 2017**                                    **s/ Jerome B. Simandle**
Date                                                 JEROME B. SIMANDLE
                                                     Chief U.S. District Judge